IN THE COUNTY COURT
OF THE 18th JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA
SMALL CLAIMS

05-20 09 - SC - 051400 - ⋌ XXX-XX
case # 2009-_____

6:09-cv-1702-Orl-28KRS

CLAUDIO GARALDE
   Plaintiff

   v.

FLORIDA DEFAULT LAW GROUP,
P.L.
WELLS FARGO BANK, N.A.
JOHN DOE CORP.
JOHN DOE, a FLORIDA RESIDENT
   Defendants

)
)
)
)
)
)
)
)
)
)
)
)

---

## CLAUDIO GARALDE
## VERIFIED STATEMENT of CLAIM

Tanner Andrews
Fla. Bar #21426
Tanner Andrews, P.A.
112 W. New York Ave., #203
P.O. Box 1208
DeLand, FLA  32721
pho  +1 386 490 1128
fax  +1 386 734 2116
   *Counsel for Claudio F. Garalde*

Garalde v. Fla Dflt                                          2009-_____
Smt of Claim

Plaintiff, Claudio F. Garalde, sues Defendants **Florida Default Law Group, P.L.**, **Wells Fargo Bank, N.A.**, John Doe Corp., and John Doe (collectively "Defendants") , and for the complaint alleges:

## Nature of the Action

1.  This is a complaint for money damages less than $5000.00, exclusive of interest, costs, and attorney's fees.

2.  Defendants have colluded together to violate the state and federal debt collection acts. Rather than communicate through counsel, they have gone around counsel by breaking in to the real property of Claudio F. Garalde, stealing his personal property, and informing his neighbors that they may not enter his property.

## Parties

3.  Plaintiff Claudio F. Garalde ("Mr. Garalde") is a citizen of Orange County, Florida. He owns property in Brevard, including without limitation the property at 1555 Bream St, Merritt Island, Brevard County, Florida (the "Property").

4.  Defendant Florida Default Law Group, P.L. ("Fla Dflt") is a Florida limited liability company, having its primary offices in Hillsborough County, and having a registered agent of
    Michael J. Echevarria,
    9119 Corporate Lake Dr. #300,
    Tampa, FLA  33634.

5.  Defendant Wells Fargo Bank, N.A. ("Bank") is a foreign corporation believed to have its primary offices in Delaware, and having a registered agent of
    Corporation Service Co.,
    1201 Hays St.,
    Tallahassee, FLA  32301.

Garalde v. Fla Dflt                                  2009-_____
Smt of Claim

6.   Defendant John Doe Corp. ("Service") is a company believed to be known to defendants Fla Dflt and Bank, and to have been engaged by them to trespass on and do damage to the property of Mr. Garalde.

7.   Defendant John Doe ("Burglar") is a natural person believed to be a Florida resident. His identity is known to Service, which employed him to break in to real property and to steal the personalty therefrom.

## Jurisdiction and Venue

8.   This Court has jurisdiction to grant relief pursuant to Fla. Stat. § 34.01(1)(c), in that it is an action for money damages, the amount sought is less than $5,000.00 exclusive of interest, costs, and fees, and it is a type of action within the exclusive jurisdiction of the circuit courts.

9.   Venue is proper in Brevard County, Florida, pursuant to Fla. Stat. § 47.051, in that the acts giving rise to the cause of action (the trespass and break-in) took place in that county.

10.   Venue is proper in Brevard County, Florida, pursuant to Fla. Stat. § 47.011, in that

11.   Venue is proper in Brevard County, Florida, in that the acts giving rise to the cause of action took place within that county.

Garalde v. Fla Dflt                                              2009-_____
Smt of Claim

## Background

12.   Fla Dflt acts as attorneys and agents for Wells Fargo Bank, N.A.. Fla Dflt arranges for services to be performed within Florida on behalf of Bank.

13.   Fla Dflt is a Debt Collector within the meaning of 15 U.S.C. § 1692a(6), in that it uses the mails in the business of collection of debts.

14.   Bank claims to be a creditor of Mr. Garalde, though probably not an original creditor, to whom money is owed. Bank uses Fla Dflt or at least the name of Fla Dflt to collect debts for them.

15.   Bank is a Debt Collector within the meaning of 15 U.S.C. § 1692a(6), in that it uses the mails in the business of collection of debts.

16.   At all times relevant, Burglar worked for Service, which is one of the service companies which Fla Dflt and Bank use within Florida.

17.   On or about 03-Sep-2008, Bank, through its attorneys Fla Dflt, filed a foreclosure action (the "Foreclosure") against Mr. Garalde and his wife.

18.   On or about 09-Oct-2008, Mr. Garalde (through his Orlando counsel) filed a motion to dismiss the Foreclosure.

19.   From October, 2008, forward, Bank and Fla Dflt were aware that Mr. Garalde had counsel in the Foreclosure.

20.   On 29-Aug-2009, Bank sent Burglar to the Property. Burglar broke the locks and entered the Property. While on the Property, Burglar removed personalty including the following:

@(#)7047-gar-w03-0902.txt 1.0  02-Sep-2009
{mnc.in3: base(3.04, 05-Apr-2009}; legal(3.0m, 24-Jul-2009}; cita(3.1, 28-May-2009)}

page 3

Garalde v. Fla Dflt                                    2009-_____
Smt of Claim

| | |
|---|---|
| fly rod and reel | $600.00 |
| fishing tackle | unknown |
| propane tanks | $75.00 |
| lawn mower | $175.00 |
| large cooler | $300.00 |
| mid-size cool | $80.00 |
| fuel tank & pump | $150.00 |
| vacuum cleaner | $65.00 |
| figurines | $100.00 |
| two chairs | $90.00 |

21.    On or about 29-Aug-2009, Burglar installed new locks on the Property, to which he did not furnish keys.

22.    While we are fortunate that a neighbor spotted Burglar, he did not get a tag and so we are unable to name him at this time. The neighbor saw the Burglar removing personalty from the Property.

23.    Burglar informed the neighbor that the neighbor could no longer park on the Property.

24.    By going directly to the Property, and speaking to the neighbor, Bank and Fla Dflt were sending a clear communication directly to Mr. Garalde and his wife, to wit, that their property had been taken by Bank.

25.    By going directly to the Property, visibly destroying the locks, and speaking to the neighbor, Bank and Fla Dflt falsely represented the status of the debt as being one for which they had obtained the right to take the Property.

26.    At no time did Mr. Garalde give Burglar permission to enter into his Property.

27.    At no time relevant did Bank, Fla Dflt, Servic, or Burglar ever obtain a court order or any other legal right to take the Property, or to enter the Property, or to damage the property, or to lock Mr. Garalde out of the Property.

Garalde v. Fla Dflt                                          2009-_____
Smt of Claim

## Governing Law

28.    Fla. Stat. § 559.72(18) prohibits a debt collector who knows that a debtor is represented by counsel from going around that counsel to communicate directly with the debtor.

29.    15 U.S.C. § 1692c(a)(2) prohibits a debt collector who knows that a debtor is represented by counsel from going around that counsel to communicate directly with the debtor.

30.    15 U.S.C. § 1692f(6) prohibits a debt collector from disabling property of a debtor, or threatening to do so.

31.    15 U.S.C. § 1692e(2)(A) prohibits a debt collector from falsely representing the legal status of any debt.

## Count 1

32.    Plaintiff realleges paragraphs 1..31.

33.    Fla. Stat. § 559.72(18) prohibits communication from a debt collector to a represented party.

34.    Fla. Stat. § 559.77 provides for statutory damages of $1000.00 as well as for fees and costs for violations of Fla. Stat. § 559.72.

Garalde v. Fla Dflt                                      2009-_____
Smt of Claim

## Count 2

35.   Plaintiff realleges paragraphs 1..31.

36.   By going around counsel, going through the neighbor and to the Property, Bank and Fla Dflt violated the Fair Debt Collection Practices Act.

37.   By disabling access to the Property, Bank and Fla Dflt violated the Fair Debt Collection Practices Act.

38.   15 U.S.C. § 1692k(a)(2)(A) provides for statutory damages of $1000.00, as well as for fees and costs, for violations of the Fair Debt Collection Practices Act.

## Count 3

39.   Plaintiff realleges paragraphs 1..31.

40.   15 U.S.C. § 1692f(6) prohibits a debt collector from disabling property of a debtor, or threatening to do so.

41.   By going directly to the property, destroying the locks, and installing new locks, Bank and Fla Dflt effective disabled the Property by preventing access thereto. 15 U.S.C. § 1692k(a)(2)(A) provides for statutory damages of $1000.00, as well as for fees and costs, for violations of the Fair Debt Collection Practices Act.

## Count 4

42.   Plaintiff realleges paragraphs 1..31.

43.   Service and Burglar entered the Property without license.

44.   While on the Property, Service and Burglar damaged the property by destroying the locks.

Garalde v. Fla Dflt                                    2009-_____
Smt of Claim

45.     While on the Property, and while acting for Bank and Fla Dflt, Service and Burglar

stole property valued at approximately $1635.00.

Wherefore, Plaintiff demands
    (a)  Statutory damages of $1000.00 for the violation of Fla. Stat. § 559.72(18);
    (b)  Statutory damages of $1000.00 for the violation of 15 U.S.C. § 1692c(a)(2);
    (c)  Statutory damages of $1000.00 for the violation of 15 U.S.C. § 1692f(6);
    (d)  damages of $1635.00 for the property stolen by Burglar;
    (e)  fees and costs; and
    (f)  such other relief as may be just.


### Demand for Jury Trial

Claudio F. Garalde demands a jury trial of all facts so triable.

□

48(#)7047-gar-w03-0902.txt 1.0  02-Sep-2009
tmvr.1a3: base(3.00, 05-Apr-2009); legal(3.0m, 24-Jul-2009); clio(3.1, 26-Mar-2005)

page 7

Garalde v. Fla Dflt
Smt of Claim

2009-_____

## Verification

I, Claudio F. Garalde, have read the foregoing statement of claim. The facts stated in the statement of claim are true.

_____  9-2-09
(Claudio F. Garalde)        (date signed)

State of Florida,                          }
County of ~~Brevard~~                      }
         VOLUSIA

Before me, the undersigned notary, on 02 SEP 2009, personally appeared Claudio F. Garalde, who ☐ is to me well known or ☑ produced FLA DL as identification, and who, being duly sworn, stated under penalty of perjury that the facts alleged in the foregoing statement of claim and any appendices thereto are true and correct.



_____  02 SEP 2009
(notary sigh)               (date notarized)

TANNER ANDREWS
(notary name)

Notary Public State of Florida
Tanner Andrews
My Commission DD808349
Expires 10/24/2010

Respectfully submitted,



Tanner Andrews
Fla. Bar #21426
Counsel for Claudio F. Garalde
Tanner Andrews, P.A.
112 W. New York Ave., #203
P.O. Box 1208
DeLand, FLA  32721
pho +1 386 490 1128
fax +1 386 734 2116
tanner@sunshine-lawyer.com

@(#)7047-gar-w03-0902.txt 1.0  02-Sep-2009
imw.full:base(3.05, 05-Apr-2009); loya03.dm, 24-Jul-2009); clm(3.1, 28-Mar-2009)

page 8